IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CELESTE AMOS, individually and, as Guardian of KAYCEE AMOS, WESTON AMOS and CHEYENNE AMOS, heirs of JOSHUA TROY AMOS, Decedent, and LINDA BARTON, and individual,<br><br>Plaintiffs,<br><br>vs.<br><br>W.L. PLASTICS, INC., a Delaware Corporation,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY AND TIME TO RESPOND TO DEFENDANT'S MOTION TO DISMISS<br><br><br>Case No. 2:07-CV-49 TS |

This matter is before the Court on Plaintiffs' Motion for Leave to Conduct Jurisdictional Discovery and Extension of Time to Respond to Defendant's Motion to Dismiss.  For the reasons stated below the Court will grant Plaintiffs' Motion for Leave to Conduct Jurisdictional Discovery and Enlargement of Time to Respond to Defendant's Motion to Dismiss.

I. INTRODUCTION

Defendant, W.L. Plastics, a plastic pipe manufacturer, is a Delaware Corporation with offices around the country.  Defendant is authorized to do business in Utah, and has a manufacturing

1

plant in Cedar City, UT.  In addition, Defendant has manufacturing plants in Wyoming and Texas.  This case is before the Court on diversity jurisdiction.

Defendant moves to dismiss asserting that their corporation resides in Utah for jurisdictional purposes thereby eliminating complete diversity and the jurisdiction of this Court.  Plaintiffs are all citizens of Utah.

## II.  DISCUSSION

"[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principle place of business."[1]  In order to have complete diversity Plaintiff and Defendant must be citizens of different states.[2]  The burden of proving proper jurisdiction lies with the party asserting jurisdiction. [3]

Subject matter jurisdiction cannot be conferred, nor waived by consent or any other means typically available.[4]  Consequently, "[a] court lacking jurisdiction . . . must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."[5]  In any case where a defendant moves to dismiss for lack of jurisdiction "either party should be allowed discovery on the factual issues raised by that motion."[6]  Additionally, when presented with a motion to dismiss for lack of subject matter jurisdiction based on alleged facts in the complaint, not the sufficiency of the complaint itself, "[a] court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)."[7]  "Refusal to grant discovery constitutes an abuse of discretion if the denial results in

---

[1] 28 U.S.C § 1332(c)(1).
[2] *Id*. at §1332(a)(1).
[3] *Amoco Rocmount Co. v. Anschutz Petroleum Co.*, 7 F.3d 909, 914 (10th Cir. 1993).
[4] *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).
[5] *Id*.
[6] *Sizova v. Natl. Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002).
[7] *Holt*, 46 F.3d at 1003.

prejudice to the litigant."[8]  "Prejudice is present where 'pertinent facts bearing on the question of jurisdiction are controverted…or where a more satisfactory showing of facts is necessary.'"[9]  However a dismissal for lack of Subject Matter Jurisdiction is without prejudice. [10]

The Tenth Circuit has adopted the "total activity" test for determining a corporation's place of residence when a corporation carries on its business in a number of states, none of which is clearly the state in which its business is principally conducted.[11]  The "total activity" approach "considers a variety of factors, such as the location of the corporation's nerve center, administrative offices, production facilities, employees, etc., and it balances these factors in light of the facts of each case."[12]  In determining where the substantial part of business is transacted courts consider "the character of the corporation, its purposes, the kind of business in which it is engaged, and the situs of its operations,"[13] including: where the general supervision and direction is centralized, where major decisions are made, policies formulated, and contracts finalized.[14]

Defendant asserts that all jurisdictional factual issues are settled with the Affidavit of Jim Royal.  However, that Affidavit states only that:  Mr. Royal is the Finance Controller for W.L. Plastics Corporation, W.L. Plastics has manufacturing facilities in Utah, Wyoming and Texas, and

> "[t]he human resource, safety, environmental and engineering departments for the entire company are controlled and managed from the Cedar City, Utah facility.  Further, the co-

---

[8] *Sizova*, 282 F.3d at 1326.
[9] *Id*.
[10] *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006).
[11] *Amoco Rocmount Co.*, 7 F.3d at 915.  *See Shell Rocky Mtn. Prod. LLC v. Ultra Resources, Inc.*, 415 F.3d 1158 (10th Cir. 2005); *United Nuclear Corp. v. Moki Oil & Rare Metals Co.*, 364 F.2d 568 (10th Cir. 1966).
[12] *Shell Rocky Mtn.*, 415 F.3d at 1162.
[13] *Sain v. EOG Resources, Inc.*, 204 Fed.Appx 739, 743 (10th Cir. 2006).
[14] *United Nuclear* Corp, 364 F.2d 570-71.  *See Amoco Rocmount Co.*, 7 F.3d at 915.

head of regional sales for the entire company controls and manages sales for the entire company from the Cedar City, Utah facility."[15]

Plaintiff points out that the affidavit lacks information regarding the scope and extent of operations conducted in its three facilities.[16] They also note the affidavit does not state the number of total employees, the percentage employed at the Cedar City facility, nor the percentage employed at the other facilities.[17] None of the documents submitted to the Court state where the other "co-head" of regional sales is located, nor does any document state where any other company executives are located. The affidavit does not even state where Mr. Royal is located. The affidavit states that a "substantial" part of revenue for the entire company is generated in Cedar City, but does not specify what "substantial" means. As Plaintiff states in its Memorandum in Support of its Motion, it is unclear if "substantial" means ten or fifty percent. These are all issues and facts relevant to the Court in determining residence under the "total activity" test.[18]

Defendant has left many facts relevant to its residence unresolved. Although the Court is informed that there are locations in Utah, the Court finds it is unable to determine many of the factors necessary to determine if the Utah location is a "residence" under the total activity test. Additionally, as previously noted there is a presumption toward discovery in situations similar to the case at bar.

---

[15] Docket No. 5 at 9.
[16] Docket No. 8 at 3.
[17] *Id.*
[18] *Amoco Rocmount Co.*, 7 F.3d at 915.

## IV.  CONCLUSION

Based upon the above, it is hereby

ORDERED that the Plaintiff's Motion for Leave to Conduct Jurisdictional Discovery and Enlargement of Time to Respond to Defendant's Motion to Dismiss (Docket No. 7) is GRANTED.

It is further

ORDERED that Plaintiff be given 30 days to conduct limited discovery on the jurisdictional issue.  It is further

ORDERED that Plaintiff file a memorandum in response to Defendant's Motion to Dismiss within 30 days of the completion of jurisdictional discovery.  It is further

ORDERED that the hearing set for July 9, 2007, at 2:30 p.m. is cancelled.

DATED this 28 day of June,  2007.

BY THE COURT:

_____
TED STEWART
United States District Judge