IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CELESTE AMOS, individually and as Guardian of KAYCEE AMOS, WESTON AMOS, and CHEYENNE AMOS, heirs of JOSHUA TROY AMOS, Decedent, and LINDA BARTON, an individual,<br><br>    Plaintiffs,<br><br><br><br>           vs.<br><br><br>W.L. PLASTICS, INC., a Delaware corporation,<br><br>       Defendant, | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS<br><br><br><br><br><br>Case No. 2:07-CV-49 TS |

        This matter is before the Court on Defendant W.L. Plastics, Inc.'s ("WL") Motion to Dismiss.  On June 28, 2007, the Court permitted Plaintiffs additional time to conduct jurisdictional discovery.[1]  That period is now complete and Plaintiffs have submitted their memorandum in opposition to Defendant's motion.[2]  For the reasons discussed below, the Court finds that complete diversity exists and the Court has jurisdiction over this matter.  Therefore, Plaintiff's Motion will be denied.

---

        [1]Docket No. 15.

        [2]Docket No. 18.

1

The standard of review for Plaintiff's Motion was fully set out in the Court's previous Order[3] and need not be discussed here.  The only issue before the Court is whether, as Plaintiff asserts, WL's principal place of business is Utah.  If it is, there is no diversity of citizenship and the Court is without jurisdiction to hear this matter.

"[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."[4]  The burden of proving proper jurisdiction lies with the party asserting jurisdiction.[5]  The Tenth Circuit has adopted the "total activity" test for determining a corporation's place of residence when a corporation carries on its business in a number of states, none of which is clearly the state in which its business is principally conducted.[6]  The "total activity" approach "'considers a variety of factors, such as the location of the corporation's nerve center, administrative offices, production facilities, employees, etc., and it balances these factors in light of the facts of each case.'"[7]  This approach "does not hinge on one particular facet of corporate operations, but on the total activity of the company considered as a whole."[8]  "When determining a corporation's principal place of business, a court should look to the 'total activity of the company' or the

---

[3]Docket No. 15.

[4]28 U.S.C § 1332(c)(1).

[5]*Amoco Rocmount Co. v. Anschutz Petroleum Co.*, 7 F.3d 909, 915 (10th Cir. 1993).

[6]*Id*; *see also Shell Rocky Mtn. Prod. LLC v. Ultra Resources, Inc.*, 415 F.3d 1158, 1162 (10th Cir. 2005).

[7]*Amoco*, 7 F.3d at 915 (quoting *White v. Halstead Indus., Inc.*, 750 F.Supp. 395, 398 (E.D. Ark. 1990)).

[8]*Id*.

2

'totality of the circumstances,' considering 'the character of the corporation, its purpose, the kind of business in which it is engaged, and the situs of its operations.'"[9]

WL is a Delaware corporation.  WL manufactures HDPE pipe which is used in a number of industries, including oil and gas, municipal, and mining.  WL began its operations in 2000 in Casper, Wyoming and has since added additional manufacturing plants in Cedar City, Utah and Gillette, Wyoming.  WL has two wholly owned subsidiaries, one of which is a Texas corporation and one of which is a Canadian corporation.  WL maintains its administrative offices in Casper, Wyoming, which provides payroll and accounting services.  All of WL's principals and officers reside in Texas.

As noted above, WL maintains four facilities.  WL maintains three manufacturing plants, one of which is located in Utah.  The other two manufacturing plants are located in Wyoming.  Additionally, WL maintains an administrative office which is also located in Wyoming.  Thirty-nine employees, or 26.5% of WL's employees, are employed at the Utah plant, while 108 employees, or 73.5% of WL's workforce, are employed at the three facilities in Wyoming.  In addition, 31% of WL's annual revenue for 2006 was attributable to the Utah plant, while the remaining 69% of WL's annual revenue was attributable to the two Wyoming plants.  Moreover, WL consistently represents that its principal place of business is Wyoming.[10]

Applying the total activity set out in *Amoco* to the facts here makes clear that WL's place of residence is not Utah.  Rather, WL's place of residence is Wyoming or perhaps Texas.  WL's only connection to Utah is the plant in Cedar City.  Only 26.5% of WL's workforce is employed

---

[9]*Gadlin v. Sybron Intern. Corp.*, 222 F.3d 797, 799 (10th Cir. 2000) (quoting *Amoco*, 7 F.3d at 915 & n.2).

[10]Docket No. 8, Affidavit of William J. Hansen, Esq.

at the Utah plant and only 31% of their annual revenue for 2006 was attributable to the Utah plant.  In contrast, WL has two plants in Wyoming, as well as an administrative office.  The two Wyoming plants provide 69% of WL's annual revenue and employ 73.5% of WL's workforce.  Additionally, the administrative office located in Wyoming provides payroll and accounting services to the company.  Finally, all of WL's directors and officers reside in Texas, not Utah.

Balancing these factors in light of the facts of this case, the Court finds that Utah is not WL's place of residence.  As a result, there is total diversity in this action and the Court is not deprived of jurisdiction.

It is therefore

ORDERED that Plaintiff's Motion to Dismiss (Docket No. 4) is DENIED.  It is further

ORDERED that the hearing set for October 29, 2007, is STRICKEN.

DATED   August 23, 2007.

BY THE COURT:

_____

TED STEWART
United States District Judge

4