IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CELESTE AMOS, et al.,<br><br>     Plaintiffs,<br><br><br><br><br><br>     vs.<br><br><br>W.L. PLASTICS, INC., a Delaware Corporation,<br><br>     Defendant. | MEMORANDUM DECISION AND ORDER ON PLAINTIFFS' MOTION FOR RULING ALLOWING FACT WITNESS ALLISON CRABTREE TO TESTIFY AT TRIAL<br><br><br><br>Case No. 2:07-CV-49 TS |

     This matter is before the Court on Plaintiffs' Motion for Ruling Allowing Fact Witness

Allison Crabtree to Testify at Trial.  In that Motion, Plaintiffs seek a ruling from the Court

allowing them to call Allison Crabtree as a fact witness at trial.

     Plaintiffs contend that "[a] critical issue at trial will be regarding the appropriate

procedures of banding and loading HDPE pipe."[1]  To that end, Plaintiffs recently identified Ms.

Crabtree as a witness.  Plaintiffs' Supplemental Disclosures state: "Ms. Crabtree is an employee

of PolyPipe and has information and knowledge regarding the safe loading and shipping

---

[1]Docket No. 71, at 5.

practices and procedures followed by PolyPipe for transporting HDPE pipes."[2]  Plaintiffs argue

that Ms. Crabtree is a fact witness and should be allowed to testify.  Defendant counters that Ms.

Crabtree's proposed testimony is expert in nature and that she should not be allowed to testify

because she was not timely designated as an expert.

      Federal Rule of Evidence 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact
> to understand the evidence or to determine a fact in issue, a witness qualified as an
> expert by knowledge, skill, experience, training, or education, may testify thereto
> in the form of an opinion or otherwise, if (1) the testimony is based upon
> sufficient facts or data, (2) the testimony is the product of reliable principles and
> methods, and (3) the witness has applied the principles and methods reliably to
> the facts of the case.

      Plaintiffs state that Ms. Crabtree will testify as to the safe loading and shipping practices

and procedures followed by the company she works for, Polyline, for transporting HDPE pipes.

Presumably, this testimony is meant to show the industry standard for loading and shipping

HDPE pipes and that the loading and shipping procedures used in this case were somehow

deficient.  Plaintiffs acknowledge that this issue will be "critical" at trial.  Based on the limited

information before the Court, Ms. Crabtree's proposed testimony appears to be expert in nature

because it is based on her "knowledge, skill, experience, training, or education."

      Fed.R.Civ.P. 26(a)(2) requires a party to disclose their expert witnesses.  The Amended

Scheduling Order in this matter set April 24, 2009, as the deadline for Plaintiffs to disclose their

expert reports.[3]  There is no dispute that Ms. Crabtree was not timely disclosed as an expert

---

[2]*Id.*, Ex. 1, at 2.

[3]Docket No. 49.

witness and, indeed, has not yet been designated as an expert.  However, the fact that Plaintiffs

have failed to timely designate Ms. Crabtree as an expert does not end the Court's analysis.

Fed.R.Civ.P. 37(c) provides that "[i]f a party fails to provide information . . . as required

by Rule 26(a) . . ., the party is not allowed to use that information . . . to supply evidence . . . at a

trial, unless the failure was substantially justified or is harmless."

The Tenth Circuit has directed that

> [a] district court need not make explicit findings concerning the existence of a
> substantial justification or the harmlessness of a failure to disclose.  Nevertheless,
> the following factors should guide [the Court's] discretion: (1) the prejudice or
> surprise to the party against whom the testimony is offered; (2) the ability of the
> party to cure the prejudice; (3) the extent to which introducing such testimony
> would disrupt the trial; and (4) the moving party's bad faith or willfulness.[4]

None of these factors weigh in favor of precluding Ms. Crabtree from testifying.  First,

while there is undoubtedly some prejudice involved with a late-disclosed expert, considering the

second factor, any prejudice can easily be cured.  Trial in this matter is not set until January 19,

2010.  Thus, Defendant has plenty of time to depose Ms. Crabtree between now and the time of

trial.  Third, there is nothing to suggest that allowing Ms. Crabtree to testify would disrupt trial.

As indicated, the parties have ample time to depose Ms. Crabtree before trial.  Finally, there is no

evidence of bad faith or willfulness on the part of Plaintiff.  Therefore, the Court finds that the

failure to previously disclose Ms. Crabtree's testimony is harmless.

---

[4]*Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir.
1999) (citation omitted).

It is therefore

ORDERED that Plaintiffs' Motion for Ruling Allowing Fact Witness Allison Crabtree to

Testify at Trial (Docket No. 70) is GRANTED IN PART AND DENIED IN PART as set forth

above.  The Court cannot agree with Plaintiffs that Ms. Crabtree is a fact witness but, without a

showing of prejudice, the Court finds no need to exclude her testimony from trial at this time.

SO ORDERED.

DATED   October 13, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge