IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CELESTE AMOS, et al.,<br><br>     Plaintiffs,<br><br>vs.<br><br>W.L. PLASTICS, INC., a Delaware corporation,<br><br>     Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO COMPEL<br><br><br><br>Case No. 2:07-CV-49 TS |

This matter is before the Court on Defendant's Motion to Compel the Expert Disclosures and Report of Allison Crabtree and to Expedite the Briefing Process. For the reasons discussed below, the Court finds that Ms. Crabtree is not "retained or specially employed" and, therefore, no expert report is required. Defendant's Motion will be denied.

I.  BACKGROUND

Defendant's Motion to Compel is related to a previously filed motion and Order of the Court. Plaintiffs previously filed a motion seeking a ruling from the Court that Allison Crabtree was a fact witness and that she should be allowed to testify at trial. Plaintiffs stated, in their previously filed motion, that Ms. Crabtree is an employee of a major HDPE pipe manufacturer and that she would testify as to the procedure for banding and loading HDPE pipe. Defendant

1

opposed the motion arguing that Ms. Crabtree was an expert witness and that she was not timely disclosed.

The Court granted in part and denied in part Plaintiffs' motion. The Court disagreed with Plaintiffs' assertion that Ms. Crabtree was a fact witness. Rather, the Court found that Ms. Crabtree was offering expert testimony on the industry standard for banding and loading HDPE pipe. However, the Court did not exclude Ms. Crabtree from testifying, as requested by Defendant. Rather, the Court found that there was ample time for the parties to cure any prejudice due to the late disclosure of Ms. Crabtree.

Defendant, in the instant Motion, states that it has attempted to obtain from Plaintiffs Ms. Crabtree's expert disclosures and report. In response, Plaintiffs argue that they do not consider Ms. Crabtree to be a "retained or specially employed" expert and are not required to submit an expert report under Rule 26. Specifically, Plaintiffs state that they have no fee arrangement or agreement with Ms. Crabtree. Rather, Plaintiffs state that she is a voluntary witness. Plaintiffs further state that "Ms. Crabtree's testimony will be limited to how her company bands and chocks pipes prior to transport and whether she believes it is industry standard or a safety standard to do so. Ms. Crabtree will offer no testimony as to whether Defendant breached a standard of care, industry standard, or a safety standard nor will she provide an analysis of the specific facts of this case. Morever, Ms. Crabtree has not relied on any facts of this case to offer her testimony."[1]

---

[1] Docket No. 96, at 3.

II. DISCUSSION

Federal Rule of Civil Procedure 26(a)(2)(A) states that a party must disclose the identity of any expert witness. Plaintiffs have disclosed the identity of Ms. Crabtree. Thus, this requirement has been met.

Rule 26(a)(2)(B) provides for the disclosure of expert reports as follows:

> Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report — prepared and signed by the witness — *if the witness is one retained or specially employed to provide expert testimony in the case* or one whose duties as the party's employee regularly involve giving expert testimony. . . .[2]

Under this provision, the requirement that a party provide a report is limited to situations where "the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." There is no argument that Ms. Crabtree is Plaintiffs' employee or that she is regularly involved in giving expert testimony. Therefore, the only issue is whether Ms. Crabtree is "retained or specially employed."

The terms "retained" and "specially employed" are not defined by the Rule. Plaintiffs assert that they have no fee arrangement or agreement with Ms. Crabtree. Defendant argues that Ms. Crabtree's status should not depend solely on whether or not she is being paid.

The Advisory Committee Notes to the 1993 Amendment to Rule 26 provide the following limited guidance:

> The requirement of a written report in paragraph (2)(B), however, applies only to those experts who are retained or specifically employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving

---

[2] Fed.R.Civ.P. 26(a)(2)(B) (emphasis added).

3

of such testimony. A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report.[3]

Most often, this issue arises in the context of a treating physician. One court has explained the scope of the treating physician rule as follows:

> To the extent that the treating physician testifies only as to the care and treatment of his/her patient, the physician is not to be considered a specially retained expert notwithstanding that the witness may offer opinion testimony under Fed.R.Evid. 702, 703, and 705. However, when the physician's proposed opinion testimony extends beyond the facts made known to him during the course of the care and treatment of the patient and the witness is specifically retained to develop specific opinion testimony, he becomes subject to the provisions of Fed.R.Civ.P. 26(a)(2)(B). The determinative issue is the scope the proposed testimony. For example, a treating physician requested to review medical records of another health care provider in order to render opinion testimony concerning the appropriateness of the care and treatment of the provider would be specially retained notwithstanding that he also happens to be the treating physician.[4]

Courts have applied these same principles to experts who are not treating physicians.[5]

Applying these principals here, the Court finds that Ms. Crabtree is not a "retained or specially employed" expert. As set forth above, there is no fee arrangement or agreement between Plaintiffs and Ms. Crabtree. She is testifying voluntarily. Turning to the scope of the proposed testimony, the Court finds that, like the treating physician, Ms. Crabtree's testimony is limited to her personal knowledge. Plaintiffs assert that Ms. Crabtree's "testimony will be limited to how her company bands and chocks pipes prior to transport and whether she believes it

---

[3]Fed.R.Civ.P. 26(a)(2)(B), Advisory Committee's Notes, 1993 Amendment.

[4]*Wreath v. United States*, 161 F.R.D. 448, 450 (D. Kan. 1995).

[5]*See Hilkene v. WD-40 Co.*, 2006 WL 2088311 (D. Kan. July 25, 2006); *Full Faith Church of Love West, Inc. v. Hoover Treated Wood Prods., Inc.*, 2003 WL 169015 (D. Kan. Jan. 23, 2003).

is industry standard or a safety standard to do so."[6]  This testimony is based on her own personal knowledge and experience and was not developed for the purpose of trial.  Plaintiffs assert that Ms. Crabtree will not offer testimony "as to whether Defendant breached a standard of care, industry standard, or a safety standard nor will she provide an analysis of the specific facts of this case."[7]  If she were to do so, then she would go beyond that permitted by the rule and she would be required to submit an expert report.  If her testimony is as limited as Plaintiffs assert, no report is required.

Defendant argues that disclosure of an expert report is required to "prevent unneeded duplication and surprise in discovery."[8]  The Court is cognizant of Defendant's concerns.  However, the rule clearly contemplates that some experts are not required to file reports.[9]  Despite the policy concerns raised by Defendant, the Court cannot ignore the plain language of the rule.  The Court will, however, take the opportunity to caution Plaintiffs.  The Court intends to strictly limit Ms. Crabtree's testimony to those areas which Plaintiffs assert she will testify.  Specifically, the Court will allow Ms. Crabtree to testify as to how her company bands and chocks pipes prior to transport and her understanding of the relevant industry standard.  Any additional testimony would require the disclosure of an expert report and will be excluded if no such report is given.   Plaintiffs are further directed that, if they have not done so already, they should make Ms. Crabtree available for deposition as soon as reasonably possible.

---

[6] Docket No. 96, at 3.

[7] *Id*.

[8] Docket No. 99, at 2.

[9] *Watson v. United States*, 485 F.3d 1100, 1107 (10th Cir. 2007).

## III. CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Compel (Docket No. 92) is DENIED.

DATED   November 17, 2009.

                                          BY THE COURT:

                                          _____
                                          TED STEWART
                                          United States District Judge