IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CELESTE AMOS, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>W.L. PLASTICS, INC., a Delaware corporation,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' SUPPLEMENTAL DISCLOSURE OF THE EXPERT TESTIMONY OF RICHARD GILL<br><br><br>Case No. 2:07-CV-49 TS |

This matter is before the Court on Defendant's Motion to Strike Plaintiffs' Supplemental Disclosure of the Expert Testimony of Richard Gill. For the reasons discussed below, the Court will deny the Motion without prejudice.

I.  BACKGROUND

Plaintiffs have designated Dr. Richard Gill as an expert in this case. Dr. Gill's expert report was provided on or about April 6, 2009.[1] The parties took Dr. Gill's deposition on July

---

[1]*See* Docket No. 66.

10, 2009.  On December 28, 2009, Plaintiffs filed an Addendum/Supplement to Richard Gill's Expert Report.[2]  In his Addendum, Dr. Gill states as follows:

> In addition to the information contained in my expert report dated April 6, 2009, my testimony at trial will include information and testimony which I provided during my deposition, taken July 10, 2009.
>
> I may also testify about the evidence and exhibits contained in the deposition of Allison Crabtree taken December 1, 2009.  Finally my testimony may include reference to photographs of W.L. Plastics, KWH, PolyPipe, and/or other companies' HDPE pipes and loading equipment.[3]

Defendant now moves to strike this supplemental report.

## II.  DISCUSSION

Fed.R.Civ.P. 26(a)(2) requires the disclosure of expert witnesses and such disclosure must generally be accompanied by a written report.  Rule 26(a)(2)(D) requires the parties to supplement such disclosures when required under Rule 26(e).  Rule 26(e)(2) provides that any additions or changes to the disclosed information "must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due."[4]  Rule 26(a)(3)(B) provides that, unless otherwise ordered by the Court, pretrial disclosures must be made at least 30 days prior to trial.  In the Scheduling Order in this case, Plaintiffs were required to make their Rule 26(a)(3) disclosures by November 20, 2009.[5]

Under the Rules and Scheduling Order in this case, Plaintiff's supplemental disclosure is untimely and Plaintiffs do not attempt to argue otherwise.  Fed.R.Civ.P. 37(c) provides that "[i]f

---

[2]Docket No. 117.

[3]*Id*. Ex. A.

[4]Fed.R.Civ.P. 26(e)(2).

[5]Docket No. 49.

a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."

The Tenth Circuit has directed that

> [a] district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose.  Nevertheless, the following factors should guide [the Court's] discretion: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.[6]

Here, Defendant argues that it will be prejudiced by the late disclosure and that, due to the short length before trial, it will be unable to cure that prejudice without moving the trial date. Therefore, Defendant requests that the supplemental report be stricken.  Defendant also argues that the supplemental report is not authorized by the Federal Rules.  Finally, Defendant argues that the disclosure does not meet the requirements of Rule 26.

As indicated, Dr. Gill's supplemental disclosure indicates that his trial testimony will include the following information, in addition to the information contained in his expert report: (1) his deposition testimony; (2) evidence and exhibits contained in the deposition of Allison Crabtree; and (3) reference to photographs of W.L. Plastics, KWH, PolyPipe, and/or other companies' HDPE pipes and loading equipment.

Turning to the first set of information, Dr. Gill's deposition testimony, Defendant cannot realistically argue that it will be prejudiced by Dr. Gill testifying in the same manner that he testified at his deposition.  Dr. Gill's deposition was taken several months ago and Defendant has

---

[6]*Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (citation omitted).

had sufficient time to review it.  Therefore, this portion of Dr. Gill's supplemental report will not be stricken.

Turning to the second and third types of information, this is additional information that should have been disclosed in a timely manner.  However, because the Court (and Defendant) have not been made aware of what portions of Ms. Crabtree's deposition Dr. Gill will testify about and what photographs he may refer to, the Court is unable to determine whether Defendant will be prejudiced by such evidence or if that prejudice can be cured.  Plaintiffs are, therefore, directed to disclose to Defendant those portions of Ms. Crabtree's deposition that Dr. Gill will testify about and what photographs he may refer to.  Defendant will then have the ability, at trial, to object to any such evidence by showing that it is prejudiced by that evidence.

### III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Strike Plaintiffs' Supplemental Disclosure of the Expert Testimony of Richard Gill (Docket No. 118) is DENIED WITHOUT PREJUDICE.

DATED   January 12, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge