IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CELESTE AMOS, et al.,<br><br>  Plaintiffs,<br><br>vs.<br><br>W.L. PLASTICS, INC., a Delaware corporation,<br><br>  Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO EXCLUDE BARTON WITNESSES AND EXHIBITS<br><br>Case No. 2:07-CV-49 TS |

This matter is before the Court on Defendant's Motion to Exclude Barton Witnesses and Exhibits. This is one of five motions in limine filed by Defendant after the deadline for filing such motions had passed. Many of those motions, though not this Motion, are also over length. The Court is extremely discouraged by Defendant's disregard for the orders of the Court and has the authority to deny the Motion on the grounds of untimeliness alone. However, considering the merits of the Motion, it will be granted.

Fed.R.Civ.P. 26(a)(3) requires parties to provide pretrial disclosures in accordance with that Rule. Unless otherwise ordered by the Court, these disclosures must be made at least 30

days before trial.[1]  Under the Scheduling Order of this case, Plaintiffs were required to submit their pretrial disclosures by November 20, 2009.[2]  The Amos Plaintiffs timely filed their pretrial disclosures.[3]  Plaintiff Linda Barton has not filed any such disclosures, but has identified witnesses and exhibits in the Pretrial Order, which was submitted to the Court on January 11, 2010.[4]  Plaintiff Barton provides no justification for failing to file her pretrial disclosures and admits that at least one witness has not been previously identified at all.

Fed.R.Civ.P. 37(c) provides that "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."[5]

The Tenth Circuit has directed that

> [a] district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose.  Nevertheless, the following factors should guide [the Court's] discretion: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.[6]

Considering these factors, the Court finds that Defendant will be prejudiced if Plaintiff Barton is permitted to present the witnesses and exhibits identified in the Pretrial Order and there

---

[1] Fed.R.Civ.P. 26(a)(3)(B).

[2] Docket No. 49.

[3] Docket No. 103.

[4] Docket No. 129.

[5] Fed.R.Civ.P. 37(c).

[6] *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (citation omitted).

is no ability to cure that prejudice at this late date.  Therefore, those witnesses and exhibits will be excluded.

It is therefore

ORDERED that Defendant's Motion to Exclude Barton Witnesses and Exhibits (Docket No. 156) is GRANTED.

DATED   January 15, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge