IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CELESTE AMOS, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>W.L. PLASTICS, INC., a Delaware corporation,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION IN LIMINE TO EXCLUDE DEPOSITION TESTIMONY OF EXPERT WITNESS ALLISON CRABTREE IN LIEU OF LIVE TESTIMONY AT TRIAL<br><br>Case No. 2:07-CV-49 TS |

This matter is before the Court on Defendant's Motion in Limine to Exclude Deposition Testimony of Expert Witness Allison Crabtree in Lieu of Live Testimony at Trial. For the reasons discussed below, the Court will deny the Motion.

Plaintiffs have designated Allison Crabtree as an expert witness in this matter. She lives in Texas. The parties have deposed Ms. Crabtree. Plaintiffs put Defendant on notice that they may present Ms. Crabtree's testimony by deposition in lieu of live testimony at trial. In response to Defendant's Motion, Plaintiffs have indicated that they anticipate Ms. Crabtree's presence at trial. Therefore, Defendant's Motion appears to be moot.

If, for some reason, Ms. Crabtre is unable to attend trial, the Court will permit Plaintiffs to use her deposition pursuant to Fed.R.Civ.P. 32(a)(4)(b). That Rule provides that "[a] party may use for any purpose the deposition of a witness, whether or not a party, if the court finds . . . that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition."[1]

Here it is clear that Ms. Crabtree lives more than 100 miles from the place of trial. There is no indication that her absence was procured by Plaintiffs. Therefore, the Rule appears to be satisfied. However, the admission of such testimony is not automatic and the Court may properly consider surprise to opposing counsel.[2] Here, there is no evidence of surprise or other prejudice to Defendant. While the Court recognizes that live testimony is more desirable than deposition testimony, the Court will permit Plaintiffs to use Ms. Crabtree's deposition testimony at trial if she is unable to appear in person. If Ms. Crabtree's testimony is presented by way of deposition, the parties are directed to work together to designate those portions of her deposition which will be read into the record. The parties must do so well in advance of when such testimony is to be presented.

It is therefore

ORDERED that Defendant's Motion in Limine to Exclude Deposition Testimony of Expert Witness Allison Crabtree in Lieu of Live Testimony at Trial (Docket No. 134) is DENIED.

---

[1] Fed.R.Civ.P. 32(a)(4)(b).

[2] *Polys v. Trans-Colo. Airlines, Inc.*, 941 F.2d 1404, 1410 (10th Cir. 1991).

DATED   January 15, 2010.

                                      BY THE COURT:

                                      _____
                                      TED STEWART
                                      United States District Judge