IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CELESTE AMOS, et al.,<br><br>    Plaintiff,<br><br>vs.<br><br>W.L. PLASTICS, INC., a Delaware corporation,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING IN PART DEFENDANT'S MOTION IN LIMINE TO EXCLUDE OSHA CITATION NOTIFICATIONS AND DENYING DEFENDANT'S MOTION IN LIMINE TO EXCLUDE OSHA INVESTIGATION<br><br><br>Case No. 2:07-CV-49 TS |

This matter is before the Court on Defendant's Motion in Limine to Exclude OSHA Citation Notifications and Defendant's Motion in Limine to Exclude OSHA Investigation. Defendant seeks to exclude evidence of documents prepared by the Occupational Safety and Health Administration ("OSHA") in relation to this incident. Both of these Motions are untimely and over length. Considering the merits of the Motions, they will be denied in part as set forth below.

In Defendant's Motion in Limine to Exclude OSHA Investigation, Defendant argues that the OSHA investigations were not timely disclosed and should, therefore, be excluded. However, it is clear that those documents were timely disclosed.  Plaintiffs disclosed the documents in their pretrial disclosures pursuant to Fed.R.Civ.P. 26(a)(3).[1]  Defendant even objected to the OSHA reports.[2]  Thus, it is difficult to see how they were not timely disclosed. Therefore, that Motion will be denied on this basis.

Defendants' Motion in Limine to Exclude OSHA Citation Notifications argues that the OSHA documents are irrelevant, unduly prejudicial, and would confuse the issues.  Federal Rule of Evidence 402 provides that only relevant evidence is admissible.  "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[3]  Of course, "[t]he standard is not stringent; it is aimed at each 'brick' of evidence potentially making a wall and not every witness 'mak[ing] a home run.'"[4]  Rule 403 excludes otherwise relevant evidence:

> if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or delay, waste of time, or needless presentation of cumulative evidence.[5]

---

[1] Docket No. 103, at 8.

[2] Docket No. 105.

[3] Fed.R.Evid. 401.

[4] *United States v. Yazzie*, 188 F.3d 1178, 1189 (10th Cir. 1999) (quoting Fed. R. Evid. 401 advisory committee's note).

[5] Fed.R.Evid. 403.

One of the issues before the jury will be the allocation of fault, if any, between Defendant, Rulison Construction, Malmgren Trucking, and Josh Amos. The Court finds that OSHA citations issued to Rulison Construction and Malmgren Trucking concerning this incident are relevant to the issue of allocation of fault. Further, the Court finds little if any prejudice to Defendant from OSHA citations which tend to implicate others, not Defendant. The Court also finds that the citations will not result in confusion of the issues as the jury will be able to properly consider the relative fault, if any, of those involved.

In both Motions, Defendant argues that the OSHA documents are inadmissible hearsay. Plaintiffs argue that the documents are admissible pursuant to Fed.R.Evid. 803(8).

As explained by the Supreme Court in *Beech Aircraft Corp. v. Raney*:[6]

Federal Rule of Evidence 803 provides that certain types of hearsay statements are not made excludable by the hearsay rule, whether or not the declarant is available to testify. Rule 803(8) defines the "public records and reports" which are not excludable, as follows:

> "Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, . . . or (C) in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness."[7]

The Advisory Committee proposed a nonexclusive list of four factors it thought would be helpful in passing on this question: (1) the timeliness of the investigation; (2) the investigator's skill or experience; (3) whether a hearing was

---

[6]488 U.S. 153 (1988).

[7]*Id*. at 161 (quoting Fed.R.Evid. 803(8)).

3

held; and (4) possible bias when reports are prepared with a view to possible litigation.[8]

We hold, therefore, that portions of investigatory reports otherwise admissible under Rule 803(8)(C) are not inadmissible merely because they state a conclusion or opinion. As long as the conclusion is based on a factual investigation and satisfies the Rule's trustworthiness requirement, it should be admissible along with other portions of the report.[9]

The Court finds the report contains factual findings resulting from OSHA's investigation made pursuant to authority granted by law. There is no indication that the sources of information or other circumstances indicate a lack of trustworthiness. Therefore, the reports are generally admissible. However, as Defendant points out, those documents contain a number of hearsay statements. "Reports otherwise admissible under Rule 803(8) may not contain double hearsay, that is, recordation of otherwise inadmissible hearsay by the maker of the report."[10] Plaintiffs have offered no exception to the hearsay rule for the hearsay statements contained in the OSHA documents. Therefore, those statements are not admissible. Specifically, the dictation of statements made by others, such as Mr. Hougland, to the OSHA employee are inadmissible. The parties are directed to work together to redact those hearsay statements contained therein and submit the proposed documents to the Court. The Court will then decide whether the documents are admissible.

---

[8] *Id*. at 167 n.11 (citing Advisory Committee's Notes on Fed.Rule Evid. 803(8)) (additional citation omitted).

[9] *Id*. at 175.

[10] *Budden v. Untied States*, 748 F.Supp. 1374 (D. Neb. 1990); *see also United States v. Mackey*, 117 F.3d 24, 28 (1st Cir. 1997) ("hearsay statements by third persons . . . are not admissible under [the public record] exception merely because they appear within public records"); *Lewis v. Velez*, 149 F.R.D. 474, 487 (S.D.N.Y 1993) ("Rule 803(8) does not circumvent the hearsay rule; any double hearsay in a report is admissible only if each level of hearsay qualified independently for a hearsay exception.").

It is therefore

ORDERED that Defendant's Motion in Limine to Exclude OSHA Citation Notifications (Docket No. 144) and Defendant's Motion in Limine to Exclude OSHA Investigation (Docket No. 167) are DENIED IN PART.

DATED   January 19, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge