IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CELESTE AMOS, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>W.L. PLASTICS, INC., a Delaware corporation,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF EXPERT WITNESS MILA RUIZ TECALA<br><br><br>Case No. 2:07-CV-49 TS |

This matter is before the Court on Defendant's Motion in Limine to Exclude Testimony of Expert Witness Mila Ruiz Tecala. The Court notes that both Defendant's Motion and Plaintiffs' response are over length. Further, Plaintiffs' response was not timely filed. As Plaintiffs correctly note, Defendant's Motion is couched as a motion in limine, but is in fact a Motion brought under *Daubert v. Merrell Dow Pharmaceuticals*.[1] Under the Scheduling Order, "any challenge to the qualification of an expert or the reliability of expert testimony under

---

[1] 509 U.S. 579 (1993).

1

Daubert *must be raised by written motion before the final pre-trial conference*."[2]  As the Court has noted in its previous Orders, the Court is extremely discouraged by Defendant's failure to raise a number of issues in a timely fashion.  Despite this, the Court cannot ignore its obligation to act as a gate keeper when it comes to expert testimony.  For the reasons discussed below, the Court will grant the Motion in part and deny it in part.

## I.  BACKGROUND

Plaintiffs have designated Ms. Tecala as an expert witness.  Ms. Tecala is a therapist who evaluated the Amos Plaintiffs.  In forming her opinions, Ms. Tecala relied upon a diagnosis of "complicated mourning" in assessing the damages suffered by the Amos Plaintiffs.  Defendant seeks to preclude Ms. Tecala from testifying pursuant to *Daubert* and because, Defendant argues, her testimony is irrelevant, unduly prejudicial, and would result in a confusion of the issues.

## II.  DISCUSSION

A.  *DAUBERT*

Fed.R.Evid. 702 provides:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

In *Daubert v. Merrell Dow Pharmaceuticals Inc.* and *Kumho Tire Co., Ltd. v. Carmichael*,[3] the Supreme Court interpreted the requirements of Rule 702.  "*Daubert* requires a

---

[2] Docket No. 49, at 4 (emphasis added).

[3] 526 U.S. 137 (1999).

trial judge to 'ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable.'"[4] "In applying Rule 702, the trial court has the responsibility of acting as a gatekeeper."[5] "Faced with a proffer of expert scientific testimony, then, the trial judge must determine at the outset, pursuant to Rule 104(a), whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue."[6]

"The Supreme Court has provided some guidance for the task of determining scientific validity."[7] "This inquiry is 'a flexible one,' not governed by a 'definitive checklist or test.'"[8] Some factors to consider are whether the expert's theory or technique: (1) can be (and has been) tested; (2) has been subjected to peer review and publication; (3) has a known or potential rate of error with standards controlling the technique's operation; and (4) enjoys widespread acceptance in the relevant scientific community.[9]

"*Kumho Tire* establishes that the 'gatekeeping' requirement set forth in *Daubert* 'applies not only to testimony based on 'scientific' knowledge, but also to testimony based on 'technical' and 'other specialized' knowledge.'"[10] "The object of that requirement 'is to make certain that an

---

[4]*Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1163 (10th Cir. 2000) (quoting *Daubert*, 509 U.S. at 589).

[5]*In re Breast Implant Litigation*, 11 F.Supp. 2d 1217, 1222 (D. Colo. 1998).

[6]*Daubert*, 509 U.S. at 592.

[7]*In re Breast Implant Litigation*, 11 F.Supp. 2d at 1223.

[8]*Atlantic Richfield*, 226 F.3d at 1163 (quoting *Daubert*, 509 U.S. at 593).

[9]*Id*.

[10]*Id*. (quoting *Kumho Tire*, 526 U.S. at 141) (citation omitted).

3

expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field.'"[11]

Considering the factors set forth above, the Court finds that Ms. Tecala's testimony on the issue of "complicated mourning" is not reliable. First, there is no consensus in the psychiatric community concerning the criteria for diagnosing complicated mourning. Without standard criteria, it cannot be tested. Second, the scholarly articles cited by the parties show a lack of consensus in the psychiatric community. Specifically, the diagnosis of complicated mourning has not been included in the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders. Third, without a set criteria for diagnosis, the potential rate of error cannot be properly determined. Finally, as stated, there is a lack of consensus in the psychiatric community. For these reasons, the Court will not permit testimony from Ms. Tecala concerning her diagnosis of complicated mourning. But the Court will not otherwise limit her testimony concerning her treatment and evaluation of Plaintiffs, presuming that it meets the requirements of Rules 401, 402, and 402 of the Federal Rules of Evidence.

B.RELEVANCE, UNDUE PREJUDICE, AND CONFUSION

Turning the issues of relevance, undue prejudice, and confusion, Federal Rule of Evidence 402 provides that only relevant evidence is admissible. "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the

---

[11] *Id*. (quoting *Kumho Tire*, 526 U.S. at 152).

evidence."[12] Of course, "[t]he standard is not stringent; it is aimed at each 'brick' of evidence potentially making a wall and not every witness 'mak[ing] a home run.'"[13] Rule 403 excludes otherwise relevant evidence:

> if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or delay, waste of time, or needless presentation of cumulative evidence.[14]

Plaintiffs' Complaint states, in relevant part, that Plaintiffs have "been deprived of their father's/husband's/son's companionship, joy, happiness, service, love, affection, guidance and counsel, by reason of which they are entitled to non-economic or general damages in an amount to be awarded at trial."[15] There is no claim for damages related to mental or emotional distress.

Utah's wrongful death statute provides that "damages may be given as under all the circumstances of the case may be just."[16] The Utah Supreme Court has stated that the following should be considered in a wrongful death claim: "financial support furnished; loss of affection, counsel and advice; the loss of deceased's care and solicitude for the welfare of the family; and loss of the comfort and pleasure the family of the deceased would have received."[17]

At trial, the Court asked Plaintiffs to provide the Court citations to Utah case law which allows heirs to recover damages for their own mental or emotional distress in a wrongful death

---

[12] Fed.R.Evid. 401.

[13] *United States v. Yazzie*, 188 F.3d 1178, 1189 (10th Cir. 1999) (quoting Fed. R. Evid. 401 advisory committee's note).

[14] Fed.R.Evid. 403.

[15] Docket No. 2, at ¶ 30.

[16] Utah Code Ann. 78B-3-106(4).

[17] *Oxendine v. Overturf*, 973 P.2d 417, 422 (Utah 1999).

claim involving an adult.  Plaintiffs have directed the Court's attention to two cases.  In *Behrens v. Raleigh Hills Hospital, Inc.*,[18] the Utah Supreme Court noted that a majority of American jurisdictions "allow recovery of nonpecuniary damages, such as mental anguish or loss of companionship" under their wrongful death statutes.[19]  This, however, does not provide that Utah law allows for the recovery of damages for mental or emotional distress in a wrongful death action involving an adult.  Further, the statement concerning loss of companionship is consistent with the Utah Supreme Court's other statements concerning the types of factors to consider in a wrongful death claim.

Plaintiffs also cite to the dissenting opinion in *Harnicher v. University of Utah Medical Center*,[20] where Justice Durham states that "it is not the case that we refuse in our tort system to attempt quantification and compensation for suffering that has a mental or emotional component. Indeed we undertake such a calculus regularly in wrongful death and personal injury contexts."[21] The Court finds that this statement is dicta, but is also consistent with the Utah Supreme Court's statements on the factors to be considered in awarding damages in wrongful death cases. Certainly there is a mental or emotional component in the allowable damages in a wrongful death actions.  However, this statement does not state that Utah law allows for recovery of an heir's mental or emotional damages in a wrongful death action involving an adult.  Further, *Harnicher*

---

[18]675 P.2d 1179 (Utah 1983).

[19]*Id*. at 1184.

[20]962 P.2d 67 (Utah 1998).

[21]*Id*. at 76.

involved a claim for negligent infliction of emotional distress, which is not the claim before the Court.

One commentator has noted: "It remains the predominant view of American jurisdictions, even those recognizing the compensability of nonpecuniary losses, that the mental anguish and grief experienced by the survivors of the decedent are not compensable."[22] However, "[a] growing number, but still a clear minority of jurisdictions, now allows for recovery of mental anguish damages in the beneficiaries' claims under wrongful death statutes."[23] In some jurisdictions, that change has come by way of the legislature and in others the change has come from the judiciary.[24] Here, the Utah statute does not specifically provide for mental anguish damages. Further, Plaintiffs have not been able to provide, and the Court cannot find, any Utah case recognizing a claim for mental anguish damages in a case such as this. While Utah law does allow for some nonpecuniary damages, there is no indication that Utah law allows damages for the mental and emotional distress of heirs in a wrongful death case involving an adult. The Court concludes that Utah would follow the majority rule that mental anguish and grief experienced by the survivors of the decedent are not compensable.[25]

Based on this, the Court finds that any evidence concerning the mental or emotional distress of the Amos Plaintiffs and Linda Barton is of little relevance and any possible relevance

---

[22] 1 Stein on Personal Injury Damages Treatise § 3:27 (3d Ed. 2009).

[23] *Id*. § 3.28.

[24] *Id*.

[25] *Johnson v. Riddle*, 305 F.3d 1107, 1118 (10th Cir. 2008) ("When the federal courts are called upon to interpret state law, the federal court must look to the rulings of the highest state court, and, if no such rulings exist, must endeavor to predict how that high court would rule.").

is substantially outweighed by the danger of unfair prejudice and confusion of the issues. However, to the extent that Ms. Tecala can testify concerning the relevant factors set forth above, she will be allowed to testify.

It is therefore

ORDERED that Defendant's Motion in Limine to Exclude Testimony of Expert Witness Mila Ruiz Tecala (Docket No. 136) is GRANTED IN PART AND DENIED IN PART as set forth above.

DATED   January 21, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge