IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CELESTE AMOS, et al.,<br><br>　　Plaintiffs,<br><br><br><br>vs.<br><br><br><br>W.L. PLASTICS, INC., a Delaware corporation,<br><br>　　Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF EXPERT WITNESS JOHN BAGLEY<br><br><br><br>Case No. 2:07-CV-49 TS |

　　This matter is before the Court on Defendant's Motion in Limine to Exclude Testimony of Expert Witness John Bagley.  This Motion is both untimely and over length.  Considering the merits of the Motion, it will be granted in part and denied in part.

　　Plaintiffs have identified John Bagley as one of their witnesses.  Mr. Bagley is a social worker who has been working with the Amos children.   Defendant argues that Mr. Bagley should not be allowed to express an expert opinion.  Plaintiffs indicate that Mr. Bagley is a treating therapist and that an expert report is not required.  Defendant also argues that Mr.

1

Bagley's potential testimony concerning the heirs' emotional distress is irrelevant, overly prejudicial, and would result in a confusion of the issues.

>Rule 26(a)(2)(B) provides for the disclosure of expert reports as follows:

>Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report — prepared and signed by the witness — *if the witness is one retained or specially employed to provide expert testimony in the case* or one whose duties as the party's employee regularly involve giving expert testimony. . . .[1]

Under this provision, the requirement that a party provide a report is limited to situations where "the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." The only issue here is whether Mr. Bagley is "retained or specially employed."

The terms "retained" and "specially employed" are not defined by the Rule. The Advisory Committee Notes to the 1993 Amendment to Rule 26 provide the following limited guidance:

>The requirement of a written report in paragraph (2)(B), however, applies only to those experts who are retained or specifically employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony. A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report.[2]

One court has explained the scope of the treating physician rule as follows:

>To the extent that the treating physician testifies only as to the care and treatment of his/her patient, the physician is not to be considered a specially retained expert notwithstanding that the witness may offer opinion testimony under Fed.R.Evid. 702, 703, and 705. However, when the physician's proposed opinion testimony extends beyond the facts made known to him during the course of the care and treatment of the patient and the witness is specifically retained to develop specific

---

[1] Fed.R.Civ.P. 26(a)(2)(B) (emphasis added).

[2] Fed.R.Civ.P. 26(a)(2)(B), Advisory Committee's Notes, 1993 Amendment.

opinion testimony, he becomes subject to the provisions of Fed.R.Civ.P. 26(a)(2)(B). The determinative issue is the scope of the proposed testimony. For example, a treating physician requested to review medical records of another health care provider in order to render opinion testimony concerning the appropriateness of the care and treatment of the provider would be specially retained notwithstanding that he also happens to be the treating physician.[3]

The Court finds this rule equally applicable to Mr. Bagley. Thus, the Court finds that Plaintiffs were not required to provide an expert report and the failure to do so does not prevent him from testifying about his care and treatment of Plaintiffs, to the extent relevant. However, his testimony will be limited in scope to his care and treatment and he may not offer expert testimony.

Defendant next argues that Mr. Bagley's testimony is irrelevant, overly prejudicial, and would confuse the issues. Defendant argues that Mr. Bagley's testimony is centered upon the mental and emotional distress of the Amos children. Defendant argues that Plaintiffs have not brought and may not maintain a claim for mental and emotional distress.

Federal Rule of Evidence 402 provides that only relevant evidence is admissible. "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[4] Of course, "[t]he standard is not stringent; it is aimed at each 'brick' of evidence potentially making a wall and not every witness 'mak[ing] a home run.'"[5] Rule 403 excludes otherwise relevant evidence:

---

[3] *Wreath v. United States*, 161 F.R.D. 448, 450 (D. Kan. 1995).

[4] Fed.R.Evid. 401.

[5] *United States v. Yazzie*, 188 F.3d 1178, 1189 (10th Cir. 1999) (quoting Fed. R. Evid. 401 advisory committee's note).

if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or delay, waste of time, or needless presentation of cumulative evidence.[6]

For the reasons set forth in the Court's Memorandum Decision and Order Granting in Part and Denying in Part Defendant's Motion in Limine to Exclude Testimony of Expert Witness Mila Ruiz Tecala, the Court finds that any evidence concerning mental and emotional distress of the Amos Plaintiffs and Linda Barton is of little relevance and any possible relevance is substantially outweighed by the danger of unfair prejudice and confusion of the issues. However, to the extent that Mr. Bagley has non-expert testimony relating to the relevant factors in determining damages in a wrongful death action,[7] he will be allowed to testify.

It is therefore

ORDERED that Defendant's Motion in Limine to Exclude Testimony of Expert Witness John Bagley (Docket No. 146) is GRANTED IN PART AND DENIED IN PART as set forth above.

DATED   January 21, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[6] Fed.R.Evid. 403.

[7] The Utah Supreme Court has stated that the following should be considered in a wrongful death claim: "financial support furnished; loss of affection, counsel and advice; the loss of deceased's care and solicitude for the welfare of the family; and loss of the comfort and pleasure the family of the deceased would have received." *Oxendine v. Overturf*, 973 P.2d 417, 422 (Utah 1999).