IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CELESTE AMOS, et al.,<br><br>    Plaintiffs,<br><br><br><br><br>    vs.<br><br><br><br>W.L. PLASTICS, INC., a Delaware corporation,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' MOTION IN LIMINE RE: COLLATERAL SOURCE AND DENYING DEFENDANT'S MOTION TO CLARIFY DAMAGES<br><br><br><br><br>Case No. 2:07-CV-49 TS |

This matter is before the Court on Plaintiffs' Motion in Limine re: Collateral Source and Defendant's Motion to Clarify Damages. The Court notes that Plaintiffs' Motion is over length and Defendant's Motion is untimely. Considering the merits of the Motion the Court will grant Plaintiffs' Motion and deny Defendant's Motion.

## I. BACKGROUND

Decedent's healthcare providers charged $1,291,344 for medical treatment incurred as a result of the accident at issue in this lawsuit. Plaintiffs represent that Decedent's workers'

compensation insurance provider paid $809,658.34, which the healthcare providers accepted as payment in full for their services.

Plaintiffs argue that the difference between the amount billed and the amount paid is essentially a write-off and that evidence of the amount paid by Decedent's workers' compensation insurance providers cannot be introduced as evidence to offset Plaintiffs' damages at trial under the collateral source rule. Defendant argues that the collateral source rule does not apply, but rather argues that the reasonable amount of compensable damages has already been determined and that damages cannot exceed $809,658.34.

## II. DISCUSSION

### A. Collateral Source

In Utah,

[t]he collateral source rule provides that a wrongdoer is not entitled to have damages, for which he is liable, reduced by proof that the plaintiff has received or will receive compensation or indemnity for the loss from an independent collateral source. The rule applies even in those cases where it results in a windfall to the plaintiff based on the premise that the plaintiff victim, rather than the defendant tortfeasor, should be the beneficiary of any windfall.[1]

No Utah appellate court has addressed the application of the collateral source rule to medical bill write-offs.[2] "Where the state's highest court has not addressed the issue presented,

---

[1]*Mahana v. Onyx Acceptance Corp.*, 96 P.3d 893, 901 (Utah 2004) (internal quotation marks and citations omitted).

[2]*See Tschaggeny v. Millbank Ins. Co.*, 163 P.3d 615, 621 (Utah 2007) (noting that "the application of the collateral source rule to medical bill write-offs is a matter of first impression in Utah" but deciding the case on other grounds).

the federal court must determine what decision the state court would make if faced with the same facts and issue."[3]

The Utah Supreme Court addressed the issue of offsets and the collateral source rule in *Mahana v. Onyx Acceptance Corp. Mahana* involved the conversion of a vehicle where both the plaintiff and defendant applied for recovery of a bond posted for the issuance of a replacement title.[4] Prior to trial, the plaintiff had been issued a portion of the bond proceeds.[5] The district court refused to offset defendant's liability to the plaintiff by the portion of the bond proceeds the plaintiff had recovered.[6] The Utah Supreme Court held that "[t]he district court correctly ruled that the collateral source rule barred any consideration of the bond proceeds."[7] The Utah Supreme Court rejected a narrow application of the collateral source rule advanced by the defendant. Rather, the court ruled that "the collateral source rule is applicable unless the collateral source comes from the defendant or a person acting on his behalf."[8] The court, quoting the Restatement (Second) of Torts, stated that "'[t]he law does not differentiate between the nature of the benefits, so long as they did not come from the defendant or a person acting for him.'"[9]

---

[3]*Rash v. J.V. Intermediate, Ltd.*, 498 F.3d 1201, 1206 (10th Cir. 2007) (internal quotation marks omitted).

[4]96 P.3d at 901.

[5]*Id.*

[6]*Id.*

[7]*Id.*

[8]*Id.*

[9]*Id.* (quoting Restatement (Second) of Torts § 920A cmt. b (1979)).

A number of courts have addressed the issue currently before the Court and have reached

differing conclusions. "A majority of courts have concluded . . . that plaintiffs are entitled to

claim and recover the full amount of reasonable medical expenses charged, based on the

reasonable value of medical services rendered, including amounts written off from the bills

pursuant to contractual rate reductions."[10]

> These courts have decided that, for purposes of the collateral source rule, no
> rational distinction exists between payments made by an insurance carrier on
> behalf of an injured plaintiff; a healthcare provider's acceptance of reduced
> payments from health maintenance organizations (HMOs) and government
> payors; or a provider's write-off of portions of billed charges to patients pursuant
> to contractual relationships with HMOs or government payors.[11]

Those cases that have reached the opposite conclusion "represent a distinct minority view and

have not been followed by other courts."[12]

Having reviewed these authorities and the relevant Utah case law on the collateral source

rule, the Court finds that payments made by a workers' compensation insurance provider are a

collateral source, as they are not payments made by Defendant. A number of courts have

similarly held that workers' compensation benefits are considered a collateral source.[13] The

Court further finds that the Utah Supreme Court would follow the majority rule concerning

---

[10]*Lopez v. Safeway Stores, Inc.*, 129 P.3d 487, 495 (Ariz. Ct. App. 2006) (collecting cases).

[11]*Id*. (internal citations omitted).

[12]*Id*.

[13]*See, e.g., Salitros v. Chrysler Corp.*, 306 F.3d 562, 573 (8th Cir. 2002) ("Workers' compensation benefits are considered a collateral source . . . ."); *Schickling v. Aspinall*, 369 S.E.2d 172, 174 (Va. 1988) (noting that cases have applied the collateral source rule to workers' compensation benefits); *Jones v. Laird Found., Inc.*, 195 S.E.2d 821 (W. Va. 1973) (holding that collateral source rule applies to workers' compensation benefits).

medical bill write-offs. This conclusion is buttressed by the two cases provided by Plaintiffs

from lower Utah state courts reaching the same conclusion[14] and by Model Utah Jury Instruction

(Second Edition) CV2024.[15] As a result, the Court will exclude evidence concerning any

payments made by Mr. Amos' workers' compensation insurance provider.

      B.      Motion to Clarify Damages

Defendant's Motion to Clarify Damages argues that the collateral source rule does not

apply for several reasons. First, Defendant argues that the claim for reimbursement belongs, by

statute, to the worker's compensation carrier. Second, Defendant argues the collateral source

rule regarding write offs or discounts does not apply because there is no write off or discount

involved in this case because: (1) the amounts that can be charged for medical services is set by

statute and regulation; and (2) the Utah Labor Commission has exclusive jurisdiction to hear and

determine the reasonableness of the amounts paid or charged.

Defendant provides no statutory citation to support its position that a claim for

reimbursement for medical expenses belongs to the carrier and not Plaintiffs. In *Rogalski v.*

*Phillips Petroleum Co.*,[16] the Utah Supreme Court rejected a similar argument when it affirmed

the denial of a motion to dismiss an injured worker's complaint on the ground that the payor of

the compensation to the plaintiff was a necessary party. In so doing, the court noted that while

the workers' compensation statute did grant the insurance carrier a right of action, that grant did

---

[14]Docket No. 141, Ex. A.

[15]That instruction provides: "You shall award damages in an amount that fully
compensates [name of plaintiff]. Do not speculate on or consider any other possible sources of
benefit [name of plaintiff] may have received. After you have returned your verdict, I will make
whatever adjustments may be appropriate."

[16]282 P.2d 304 (Utah 1955).

not abrogate the language found earlier in the same section granting the injured employees, or his

heirs or person representatives, a claim for damages against the third person.[17]   The language

relied on in *Rogalski* is now found at Utah Code § 34A-2-106 and provides for the bringing of

such claims by the employee's heirs or representative or by the carrier as trustee.[18]   Utah courts

have also held that the statutorily required allocation of any recovery obtained on behalf of the

employees heirs and representative to, first, expenses of the action, then to reimburse the

insurance carrier, and then to the heirs or personal representative is "fair to everyone

concerned:"[19]

> the employer, . . .  comes out even; the <u>third person pays exactly the damages he</u>
> <u>would normally pay, which is correct, since to reduce his burden because of the</u>
> <u>relation between the employer and the employee would be a windfall to him</u>
> <u>which he has done nothing to deserve</u>; and the employee gets a fuller
> reimbursement for actual damages sustained than is possible under the
> compensation system alone.[20]

Thus, Plaintiffs in the present action are entitled to seek "exactly the same damages" they

would have sought had there been no worker's compensation.

Defendant argues that Utah worker's compensation statutes require a physician to accept

the fees established by the Labor Commission for treating an injured employee, and also grants

the Labor Commission the exclusive jurisdiction to hear and determine the reasonableness of the

---

[17]*Id*. at 308.

[18]*Rogalski* interpreted former Utah Code Ann. § 35-1-62, renumbered as § 34A-2-106, effective July 1, 1997.

[19]*Anderson v. United Parcel Serv.*,  96 P.3d 903, 910 (Utah 2004) (quoting *Taylor v. Indus. Comm'n*, 743 P.2d 1183, 1186 (Utah 1987) (quoting *Shields v. Wyeth Labs.*, Inc., 95 Idaho 572, 513 P.2d 404, 405-06 (1973))).

[20]*Id*. (emphasis added).

amounts charged or paid for medical expense. Defendant argues that such a determination was made by the Administrative Law Judge (ALJ) when he approved a settlement with "Rulison Construction." Defendant does not provide a copy of the ALJ's determination, so it is not possible to determine what was actually at issue and, therefore, what was determined.

As to its argument that the amounts that can be charged for medical services is set by statute and regulation, Defendant cites the statute providing that "a physician attending an injured employee shall comply with rules established by the [Utah Labor] commission regarding: (i) fees for physician's services."[21] "Physician" as used in the section is defined as certain licenced professionals,[22] and the rule does not apply to other bills from non-physician health care providers, hospitals,[23] etc. Thus, Defendant is incorrect that Utah law provides that the amount that can be charged for medical expenses is set by the workers' compensation statute. Under the statute relied upon by Defendant it is only physicians who must comply with rules regarding fees for physicians services, but, as noted above, under Utah law the third party found liable must pay "exactly the damages he would normally pay."

Defendant also argues that the Utah Labor Commission has exclusive jurisdiction to hear and determine the reasonableness of the amounts paid or charged. In support, it cites the following:

> (11)(a) Subject to appellate review under Section 34A-1-303, the commission has exclusive jurisdiction to hear and determine:

---

[21]Utah Code Ann. § 34A-2-407 (9)(A).

[22]*Id*. §§ §34A-2-407(1), 34A-2-111(1)(b) (defining physician).

[23]Hospitals are specifically excepted in Utah Code Ann. § 34A-2-407(9)(A).

(i) whether goods provided to or services rendered to an employee are compensable pursuant to this chapter or Chapter 3, Utah Occupational Disease Act, including:

(A) medical, nurse, or hospital services;
(B) medicines; and
(C) artificial means, appliances, or prosthesis;

(ii) the reasonableness of the amounts charged or paid for a good or service described in Subsection (11)(a)(i); and

(iii) collection issues related to a good or service described in Subsection (11)(a)(i).

The plain language of this grant of exclusive jurisdiction for determining reasonableness of the amounts charged or paid, limits it to the purpose set forth in the subsection— whether they are compensable under the Workers' Compensation Act. Thus, this section would not affect the rule, cited above, regarding a liable third party's duty to pay "exactly the damages he would normally pay."

However, the Court need not definitively rule on this issue because the language relied upon was added by the 2006 amendments—which were effective on May 1, 2006. The accident at issue occurred on June 13, 2005, and the decedent died on October 9, 2006.[24]

"In workers' compensation cases, we determine the rights and liabilities of the parties as of the date when the accident at issue occurred."[25] Further, although procedural changes to a statute are an exception to this rule against retroactive application in workers' compensation

---

[24]Docket No. 127, at 4-5 (Uncontroverted Facts).

[25]*Stouffer Food Corp. v. Utah Labor Comm'n*, 4 P.3d 1287, 1287 (Utah 2000) (quoting *Moore v. Am. Coal Co.*, 737 P.2d 989, 990 (Utah 1987)).

cases,[26] to interpret the statute as argued by Defendant would result in a change in substantive rights because it would eliminate the right of an injured worker to have his damages determined in accordance with the rule, discussed above, regarding damages recoverable against third persons.

## III.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion in Limine re: Collateral Source (Docket No. 140) is GRANTED.  It is further

ORDERED that Defendant's Motion to Clarify Damages (Docket No. 148) is DENIED.

DATED   January 22, 2010.

BY THE COURT:

_____

TED STEWART
United States District Judge

---

[26]*Thomas v. Color Country Mgmt.*,  84 P.3d 1201, 1210-14 (Utah 2004) (discussing differences between substantive and procedural rights).